# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL KENT VICKERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-797 CAS |
| ) | |
| CONAGRA FOODS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion to partially dismiss plaintiff Michael Kent Vickery's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendants ConAgra Foods, Inc. ("ConAgra") and Ralcorp Holdings, Inc. Severance Plan for Exempt Administrative Employees Eligible for the Ralcorp Holdings, Inc. Management Bonus Plan (the "Severance Plan") (collectively referred to as "defendants"). Defendants' motion to dismiss also seeks a more definite statement and to strike plaintiff's jury demand. The motion is fully briefed and ready for decision. For the following reasons, defendants' motion to partially dismiss will be granted in part, denied in part and denied in part as moot, the motion for more definite statement will be denied, and the motion to strike will be granted.

Also pending is plaintiff's Motion for Joinder of Defendants, which the Court construes as a motion for leave to file a first amended complaint. Plaintiff's motion for leave to amend his complaint will be denied without prejudice and plaintiff will be granted leave to file an amended complaint in accordance with this Memorandum and Order within ten (10) days.

## I. Factual and Procedural Background

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Plaintiff alleges he was employed by Ralcorp Holdings, Inc. ("Ralcorp") in its Medallion Foods division as a Senior Manager–Quality (Grade 17). Plaintiff was eligible for participation in the Ralcorp Severance Plan, an ERISA employee welfare benefit plan. ConAgra purchased Ralcorp on January 29, 2013 and expressly assumed the obligations and fiduciary duty of the Severance Plan. After ConAgra's purchase, plaintiff continued as Senior Manager–Quality (Grade 17) in the Medallion Foods division until April 14, 2014, when ConAgra sold Medallion Foods to Shearer's Foods, LLC, "thereby involuntarily terminating plaintiff." Complaint at 2, ¶ 4.

Under Article II, Section B(1) of the Severance Plan, if an employee who qualifies for Ralcorp's Management Bonus Program and does not hold a position of Vice President or above is involuntarily terminated other than for cause within 24 months following a Change in Control, the employee will receive the equivalent of 52 weeks of base pay plus one week of base pay per year of service. Plaintiff alleges that Ralcorp's purchase by ConAgra constitutes a change in control triggering the Severance Plan, and that he is eligible for severance pay of approximately $136,000 because ConAgra involuntarily terminated him other than for cause when it sold Medallion Foods to Shearer's Foods on April 14, 2014, within the 24-month window.

Plaintiff filed a claim for benefits under the Severance Plan on May 19, 2014. ConAgra and the Plan Administrator denied his claim on August 26, 2014. Plaintiff filed an appeal of the denial of benefits, which was denied by ConAgra and the Plan Administrator on November 24, 2014. Plaintiff then filed this action alleging the defendants breached their fiduciary duties under ERISA by failing to (1) pay severance benefits as required under the Severance Plan (Count I); (2) pay

plaintiff's attorney fees and costs on an ongoing basis (Count II); and (3) require a successor company to assume the Severance Plan (Count III).

Defendants filed a motion to dismiss, asking that the Court

> (1) dismiss ConAgra Foods from Count I because a claim for benefits can only be brought against the Severance Plan or its plan administrator, not Plaintiff's former employer; (2) dismiss the Severance Plan from all counts alleging breach of fiduciary duty because it was not a fiduciary to itself; (3)(a) dismiss Plaintiff's claim for breach of fiduciary duty in Count I because such claim is merely a repetition of his claim for benefits against the Severance Plan, which well-established Eighth Circuit precedent does not permit, or (3)(b) in the alternative, to the extent Count I alleges only a claim for benefits, order Plaintiff to provide a more definite statement, omitting any reference to an alleged breach of fiduciary duty in Count I; (4) dismiss Plaintiff's request in Count II for an order requiring Defendants to pay Plaintiff's currently accrued attorneys' fees and an order requiring Defendants to pay subsequent attorneys' fees on a monthly basis because the Severance Plan does not require payment of fees on an ongoing basis, because Plaintiff's request is premature, and because Plaintiff's request would require consideration of matters outside the pleadings; and (5) strike Plaintiff's request for a jury trial because ERISA does not permit jury trials.

Defs.' Mem. Supp. Mot. Dismiss at 2.

Plaintiff opposed the motion to dismiss and filed a Motion for Joinder of Defendants. Defendants opposed the motion for joinder of defendants and plaintiff filed a proposed First Amended Complaint with his reply memorandum.

**II. Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a motion to dismiss, courts must generally ignore materials outside the pleadings, Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), but may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (quoted case omitted). A motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Rule 12(d), Fed. R. Civ. P. "Matters outside the pleadings" include any written evidence "in support of or in opposition to the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoted case omitted).

**III. Discussion**

    A. ConAgra is a Proper Defendant to Count I

Defendants assert that ConAgra should be dismissed from Count I because a claim for benefits can only be brought against the Severance Plan or its plan administrator, and ConAgra is neither of those things but rather is merely plaintiff's former employer. ConAgra points to language of the Severance Plan vesting all administrative authority with Ralcorp and the Benefit Administration Committee ("BAC"), including authority to construe and interpret the Plan and decide all questions of eligibility and benefits.[1] ConAgra contends that Ralcorp, the Plan Administrator, is the proper defendant to a claim for benefits in Count I.

---

[1] The Severance Plan was attached as an exhibit to the complaint and therefore is properly considered on the motion to dismiss.

4

Plaintiff responds that ConAgra is a proper defendant to Count I because it assumed the role of plan administrator of the Severance Plan when it acquired Ralcorp. Plaintiff states that although the Severance Plan initially defines the "Company" as Ralcorp or its participating subsidiaries and affiliates, a subsequent Plan provision titled "Successors and Assigns" states the Plan is binding on any successor to the Company, including any person that acquires its business or assets. The Plan further states, "Any successor shall thereafter be deemed to be the 'Company' for purposes of this Plan[.]" Plan, Art. IV, § G. Plaintiff asserts that by purchasing Ralcorp, ConAgra assumed its role and replaced it as the "Company" under the Severance Plan, and also became the plan administrator.[2]

ConAgra replies that it is uncontroverted its acquisition of Ralcorp in January 2013 constituted a "Change in Control" under the Severance Plan. ConAgra states that the Severance Plan expressly names Ralcorp as plan administrator and its "Plan Amendments and Termination" provision prohibits any amendments to the Plan, including the provision naming the plan administrator, within 24 months of a "Change in Control." Plan, Art. IV, § H. ConAgra argues there is no evidence it amended the Severance Plan to name itself as plan administrator and contends it could not have done so under the Plan's express terms, so Ralcorp remains the plan administrator.

The complaint alleges that ConAgra acquired Ralcorp and expressly assumed the obligations and fiduciary duty of the Severance Plan when it purchased Ralcorp. This allegation is supported by the terms of the Severance Plan concerning successors and assigns, which states the Plan "shall

---

[2] Plaintiff also asserts in the alternative that if ConAgra is not considered the plan administrator according to the Plan's language, it is the de facto plan administrator. Finally, plaintiff asserts that if neither of its first two arguments prevails, Ralcorp is still a wholly owned subsidiary of ConAgra with no employees or operations, and therefore Ralcorp and ConAgra are operating as a single employer or alter ego.

be binding upon the Company and any successor to the Company," and that "[a]ny such successor shall thereafter be deemed to be the 'Company' for purposes of this Plan, and the term 'Company' shall include Ralcorp Holdings, Inc. to the extent advantageous to the Employees by providing them with the benefits intended under this Plan." Plan, Art. IV, § G at 12-13. Pursuant to this language, ConAgra became the "Company" under the Plan when it acquired Ralcorp.

On the record currently before the Court and under the appropriate standard of review for a Rule 12(b)(6) motion to dismiss, the Court concludes there are sufficient factual allegations that indicate ConAgra is a proper party defendant to plaintiff's claim for denial of benefits in Count I. Defendants' motion to dismiss plaintiff's claims against ConAgra in Count I should therefore be denied.

B. <u>The Severance Plan is not a Proper Defendant to Plaintiff's Breach of Fiduciary Duty Claims in Counts II and III</u>

Defendants move to dismiss the Severance Plan from Count I (to the extent it alleges a breach of fiduciary duty claim), and Counts II and III. Defendants assert the Plan is not a proper defendant to a claim for breach of fiduciary duty under Section 502(a)(3) of ERISA. Defendants contend the only proper defendants to a breach of fiduciary duty claim are plan fiduciaries, citing 29 U.S.C. §§ 1105(a), 1109(a), which are defined as anyone who "exercises any discretionary authority or discretionary control respecting management of such plan . . . or has any discretionary authority or discretionary responsibility in the administration of such plan." Defs.' Mem. Supp. Mot. Dismiss at 7 (quoting 29 U.S.C. § 1002(21)(A)). Defendants assert that the Severance Plan cannot be a fiduciary of itself and as such is not a proper defendant to plaintiff's breach of fiduciary duty claims.

6

In response, plaintiff clarifies that his claim in Count I is only for failure to pay benefits, and does not include a claim for breach of fiduciary duty. Pl.'s Opp. at 7. Defendants' motion to dismiss the Plan from Count I to the extent it contains a claim for breach of fiduciary duty is therefore moot.

With respect to Counts II and III, plaintiff concedes that a plan cannot be sued for breach of fiduciary duty but asserts that a plan may be named as a defendant in a breach of fiduciary duty claim if the plaintiff seeks recovery under 29 U.S.C. §§ 1132(a)(1)(B) or 1132(d), so that he may obtain the relief sought, citing Acosta v. Pacific Enterprises, 950 F.2d 611, 618 (9th Cir. 1991). Plaintiff states that he is seeking relief pursuant to § 1132(a)(1)(B), so while the Plan cannot be sued for breach of fiduciary duty, it is properly named as a defendant in order to permit plaintiff to obtain the appropriate relief from ConAgra.

Defendants reply that Acosta does not control because it is a Ninth Circuit case, and a district court in the Eighth Circuit has limited Acosta to claims for benefits brought under ERISA § 502(a)(1) and does not recognize the exception as applicable to claims for breach of fiduciary duty under ERISA § 502(a)(3), citing Gerhardson v. Gopher News Co., 2010 WL 3463495, at *5 (D. Minn. Aug. 30, 2010). Defendants state that because plaintiff's claims in Counts II and III are expressly for breach of fiduciary duty under § 502(a)(3), the Severance Plan is not properly a defendant to those counts.

The Court agrees with defendants. In Acosta, the Ninth Circuit stated that while a plan cannot be sued for breach of fiduciary duty, it is permissible to name a plan as a defendant in a suit alleging breach of fiduciary duty "[t]o the extent that a plaintiff seeks 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" Acosta, 950 F.2d at 618 (citing 29 U.S.C.

7

§§ 1132(a)(1)(B) & 1132(d)). In other words, a plan may be named as a defendant in a suit to obtain relief under § 1132(a)(1)(B). Even if the Eighth Circuit were to adopt Acosta's reasoning, this section of ERISA and the holding of Acosta are inapplicable to Counts II and III because plaintiff does not seek to recover benefits or obtain information from an administrator in those counts, and instead alleges a breach of fiduciary duty under § 1132(a)(3). In similar circumstances, courts have distinguished Acosta and held that a plan is not a proper party defendant to a claim under § 1132(a)(3), ERISA § 502(a)(3). See Gerhardson, 2010 WL 3463495, at *6 ("the Acosta exception does not extend to plaintiff's claim for breach of fiduciary duty . . . under § 1132(a)(3)"; Balsley v. Delta Star Emp. Stock Ownership Plan, 2009 WL 4823196, at *3 (N.D. Cal. Dec. 10, 2009) (distinguishing Acosta; granting motion to dismiss plan from § 502(a)(3) suit).

Defendants' motion to dismiss the Severance Plan from Counts II and III should therefore be granted, and their motion to dismiss the Plan from Count I should be denied as moot.

C. Plaintiff is Not Required to Provide a More Definite Statement of Count I

Defendants assert that to the extent Count I alleges only a claim for benefits under ERISA, plaintiff should be ordered to provide a more definite statement, omitting references in paragraphs 26 and 27 to an alleged breach of fiduciary duty, to make it clear that the claim in Count I is under § 502(a)(1)(B) only.

Plaintiff responds that Count I is only a claim for benefits, not for breach of contract, and the references to breach of fiduciary duty "are merely recognition that a failure to pay claims correctly can constitute such a breach." Pl.'s Opp. at 7. Plaintiff states that ERISA § 404(a)(1)(A) imposes an obligation on the plan administrator to discharge its duties solely in the interest of participants and beneficiaries, and asserts that by failing to pay benefits to plaintiff, ConAgra violated its

8

fiduciary duty under § 404(a)(1)(A). Plaintiff asserts that Count I's statement concerning the defendants' breaches of fiduciary duty are neither improper nor confusing.

Defendants reply that plaintiff's opposition improperly conflates his claim for benefits under § 502(a)(1) with a claim for breach of fiduciary duty, and because he admits that Count I is the claim for benefits only under § 502(a)(1), he should be required to submit a more definite statement omitting any reference to breach of fiduciary duty and/or § 404(a)(1)(A) in Count I.

A motion for more definite statement may be granted if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement are not favored "because pleadings are to be construed liberally to do substantial justice." James W. Moore, et al., 2 Moore's Federal Practice, § 12.36[1] (3d ed. 2014). "Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail." Id.

Plaintiff has unequivocally stated that Count I is intended only to assert a claim for benefits under ERISA § 502(a)(1). Defendants do not assert that Count I is unintelligible or so vague or ambiguous that they cannot prepare a response. Rather, they assert that Count I contains surplusage that is irrelevant to a claim for benefits. The Court concludes that defendants have not shown that a more definite statement of Count I is required and this aspect of their motion will be denied.

D. Dismissal of Plaintiff's Claim for Interim Attorneys' Fees is Not Required

In Count II of the complaint, plaintiff asserts that he is entitled to reimbursement of his legal fees incurred in seeking to obtain the severance benefits he claims, as the fees are incurred, under Article IV, Section B of the Severance Plan. The relevant Plan language states:

> **Legal Fees/Accounting Expenses**. In connection with or after a Change in Control, the Company shall pay to the Employee **as incurred** all legal and accounting fees and expenses incurred by the Employee in seeking to obtain or enforce any right or benefit provided by this Plan under Article II(B), **unless the Employee's claim is found by a court of competent jurisdiction to have been frivolous**. Any such

9

> reimbursements or payments that are taxable to the Employee shall be subject to the following restriction: each reimbursement or payment must be paid no later than the last day of the calendar year following the calendar year during which the expense was incurred or tax was remitted, as the case may be.

Complaint at 7, ¶ 35 (emphases added). The prayer for relief in Count II seeks an order requiring defendants to pay (1) plaintiff's currently accrued attorneys' fees within fifteen days of the order, and (2) his subsequently incurred attorneys' fees on a monthly basis throughout the pendency of this litigation, within fifteen days of receipt of a bill for the same from plaintiff's attorney.[3]

Defendants assert that Count II must be dismissed because plaintiff's interpretation of the Severance Plan's legal fees provision is incorrect, premature, and requires consideration of matters outside the pleadings. Defendants assert that the phrase "as incurred" means plaintiff can only be reimbursed for fees he incurs in pursuing certain claims for benefits provided all stated conditions are met, including the condition that the claim has not been found by a court to be frivolous. Defendants assert that plaintiff's interpretation of the phrase "as incurred" cannot be correct because it would render other language in the paragraph superfluous, specifically the language requiring that plaintiff's claim has not been found to be frivolous. Defendants assert that a determination as to frivolousness must be made before any obligation to reimburse legal fees is triggered, and argue that whether plaintiff's claim for benefits was frivolous cannot be determined until there has been a final adjudication in this case.

Defendants state that under plaintiff's interpretation, they would be required to start paying his legal fees at the time he filed his claim for benefits with the Plan Administrator, continuing throughout the administrative process and during any litigation that follows – long before a court

---

[3] The Court notes there is no language in the Plan's legal fees provision that establishes a timetable for the payment of interim attorney's fees such as that prayed for in Count II.

of competent jurisdiction would be able to determine if plaintiff's claim for benefits met all stated conditions in the Plan, including whether it was frivolous. Finally, defendants assert that plaintiff's request for interim legal fees necessarily requires examination of matters outside of the pleadings, because a determination whether plaintiff's claim for benefits is frivolous will depend on a review of the evidence including the administrative record, which is not before the Court at this time. Defendants contend that any need to consider evidence outside the pleadings is improper on a motion to dismiss.

Plaintiff responds that a plan administrator must adhere to the plain meaning of plan language as construed by an ordinary person, citing Kovach v. Zurich American Insurance Co., 587 F.3d 323, 332 (6th Cir. 2009). Plaintiff argues that under this standard, when the placement and wording of the phrase "as incurred" is considered along with the definition of frivolous, any interpretation of the Severance Plan's legal fee provision other than one allowing fees to be paid as they come due is contrary to the provision's plain language. Plaintiff asserts that by adding the word "as" in front of the word "incurred," the object was to allow legal fees to be paid as the employee becomes liable for them. Plaintiff states that if defendants' interpretation were accepted, the effect would be to strike the words "as incurred" from the legal fees provision.

Plaintiff contends that under his interpretation of the "as incurred" language, the phrase "unless the Employee's claim is found by a court of competent jurisdiction to have been frivolous" is not rendered superfluous, because while defendants are required to pay the legal fees "as incurred," they also have the ability to recoup those fees if a court subsequently finds the participant's claim to be frivolous. Plaintiff states that the term "frivolous" means "utterly lacking in legal merit and evidentiary support," so under this standard frivolousness can be determined early on in the proceedings, as a "judge could make this determination before most of the legal fees have

11

been assessed and still adhere to the plain meaning of the attorneys' fees provision" of the Plan. Pl.'s Opp. at 10. Plaintiff disputes defendants' assertion that requiring his interpretation of "as incurred" would require payment once the administrative process starts, because an attorney is not required or always necessary for a participant to file the administrative appeals for severance benefits.

Defendants reply that in the Eighth Circuit, a plan administrator's interpretation of a plan provision is reviewed for an abuse of discretion, Sunder v. U.S. Bancorp Pension Plan, 586 F.3d 593, 602 (8th Cir. 2009), and under this standard, a court must affirm the plan administrator's decision if a "reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Ferrari v. Teachers Ins. & Annuity Ass'n, 278 F.3d 801, 807 (8th Cir. 2002) (quoted case omitted). Defendants state that while plaintiff may disagree with the plan administrator's interpretation of the legal fees provision, this does not mean the interpretation is an abuse of discretion. Defendants note that another judge in this district denied as premature a plaintiff's motion for ongoing attorneys' fees based on the same plan provision. See Boyd v. ConAgra Foods, Inc., 4:14-CV-1435 JAR, slip op. at 2 (E.D. Mo. Jan 21, 2015).

In this case, the complaint alleges that defendants have "discretionary authority or control over the management or disposition of the assets of the Severance Plan[.]" Complaint at 5, ¶ 28. As a result, defendants' interpretation of the Plan's legal fees provision is reviewed for abuse of discretion, Huang v. Life Ins. Co. of N. Am., __ F.3d __, 2015 WL 5155365, at *4 (8th Cir. Sept. 3, 2015), not the plain meaning as understood by an ordinary person. Under the abuse of discretion standard, courts "will not disturb the plan administrator's decision if it is reasonable, that is,

supported by substantial evidence . . . [which] means more than a scintilla but less than a preponderance." Id. (internal quotation marks and quoted case omitted).

The defendants argue about the proper interpretation of the Plan's legal fees provision and offer reasons why the plan administrator's decision to deny plaintiff's request for interim fees was reasonable, and thus why Count II should be dismissed. However, the plan administrator's reasons for the denial do not appear on the face of the complaint or its exhibits, and therefore are not properly before the Court on a motion to dismiss.[4] See Illig, 652 F.3d at 976. While the plan administrator's interpretation of plan language is entitled to discretionary review, arguments of defendants' counsel concerning the plan administrator's interpretation of plan language are not entitled to discretionary review. The defendants' arguments do not establish that dismissal of Count II is required under the standards of Rule 12(b)(6). As a result, the motion will be denied.

The Severance Plan's legal fees provision is inartfully drafted, and lends itself to the competing interpretations put forward by the parties. Defendants contend that the phrase "as incurred" in the provision "means that Plaintiff can be reimbursed for fees he actually incurs in pursuing certain claims for benefits, *provided all stated conditions are met.*" Defs.' Mem. Supp. Mot. Dismiss at 11 (emphasis added). Defendants assert that the phrase "unless the Employee's claim is found by a court of competent jurisdiction to have been frivolous" is a stated condition that must be met, and it cannot be met until the Court has "determine[d] whether the resolved claim qualifies for reimbursement." Id. at 12.

Defendants' assertions are not self-evident from the Plan's language. As a threshold matter, it is not clear from the legal fees provision that a determination of non-frivolousness is a stated

---

[4] Defendants did not provide the plan administrator's decision on plaintiff's request for legal fees, and indeed it would not have been proper to do so on a motion to dismiss.

13

condition with respect to a claim for benefits. Although defendants essentially argue that such a determination is a condition precedent to the reimbursement of legal fees, it would seem to be more in the nature of a contingency. The phrase is stated in the negative: an employee shall be paid for all legal fees incurred in seeking to obtain plan benefits, *unless* the claim is found by a court to have been frivolous. The legal fees provision does not state that a court determination of frivolousness must be made with respect to every claim for benefits made by an employee. Thus, it may be that the alleged "condition" does not apply, and may never apply, if no party seeks a judicial determination as to the frivolousness of a plaintiff's claim for benefits.

Further, the legal fees provision does not state that a court determination of frivolousness can only be made after a claim for benefits has been resolved.[5] It is possible the Court could determine whether a plaintiff's claim for benefits is frivolous under the Plan well prior to final resolution of the claim, as the merits of a claim and whether it is frivolous are generally separate matters.[6] For example, the Supreme Court has stated "it is evident that the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard of [28 U.S.C.] § 1915(d) were devised to serve distinctive goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." Neitzke v. Williams, 490 U.S. 319, 326 (1989). In another context, the Eighth Circuit Court of Appeals stated that "making the distinction between a claim that is 'wholly frivolous for jurisdictional purposes' and one that is 'doomed on the merits' is neither merely academic nor

---

[5]  The Plan's legal fees provision does not appear to condition reimbursement of an employee's fees on either his claim for benefits being successful, or final resolution of his claim.

[6]  It could be argued that because the Severance Plan did not move to dismiss plaintiff's claim for severance benefits in Count I, and ConAgra moved to dismiss it only on the basis that ConAgra was not a proper defendant to the claim, plaintiff's claim for severance benefits is not frivolous.

unnecessary. The distinction is based on longstanding policy and practical considerations which are not trivial and cannot be overlooked." Trimble v. Asarco, Inc., 232 F.3d 946, 954 (8th Cir. 2000) (*overruled on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)).

The Boyd order on which defendants rely does not assist their arguments. Unlike the present case, the complaint in Boyd did not contain a count seeking interim legal fees. Instead, the plaintiff filed a motion for fees. Judge Ross denied the plaintiff's motion for fees as premature because:

> [ConAgra] has not admitted to be bound by the terms of the Severance Plan, only that the plan is an employee welfare plan under ERISA (Doc. 22 at ¶ 18). [ConAgra] has also not admitted that the Severance Plan applies to Plaintiff. Furthermore, at this very early stage of the proceeding the Court is unable to determine whether the action is frivolous.

Boyd, 4:14-CV-1435, slip op. at 2 (Doc. 39). In the present case, defendants admit that plaintiff was eligible for participation in the Severance Plan (Doc. 10 at ¶ 3), and that ConAgra Foods "assumed the Severance Plan" when it "completed its acquisition of Ralcorp." (Id., ¶ 5). Judge Ross considered the lack of these admissions when he concluded the motion for interim legal fees was premature in Boyd. Judge Ross's statement that he was unable to determine "at this very early stage of the proceeding" whether the action was frivolous left open the possibility that such a determination could be made at a later stage of the case but before a final adjudication.

Finally, defendants' argument that Count II must be dismissed because it requires consideration of matters outside the pleadings is without merit and misconstrues the standards of Rule 12(b)(6). The majority of claims asserted in complaints require consideration of matters outside the evidence, but this is not a basis for their dismissal for failure to state a claim upon which relief can be granted. Defendants' argument attempts to use as an offensive weapon the defensive principle that a Court cannot consider matters outside the pleadings in resolving a motion to dismiss under Rule 12(b)(6). As stated above, defendants' motion to dismiss Count II fails because to

15

properly consider defendants' arguments, the Court would have to consider matters outside the pleadings, i.e., evidence of the plan administrator's reasons for denial of plaintiff's request for interim legal fees.

E. Plaintiff's Request for Jury Trial Will be Stricken

Although his complaint contains a demand for jury trial, plaintiff now concedes he is not entitled to a jury trial under ERISA. It is well settled that a plaintiff seeking benefits under ERISA is not entitled to a jury trial. See, e.g., Ibson v. United Healthcare Servs., Inc., 776 F.3d 941, 947 (8th Cir. 2014) (district court properly struck plaintiff's jury demand on the basis that claims were preempted by ERISA); Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 999) ("there is no right to a jury trial under ERISA"). Defendants' motion to strike plaintiff's jury demand should therefore be granted.

F. Plaintiff's Motion for Leave to Amend Complaint Will be Denied Without Prejudice

After defendants filed the partial motion to dismiss, plaintiff filed a Motion for Joinder of Defendants under Rule 20(a)(2), Fed. R. Civ. P. The motion seeks to join as defendants in Counts II and III the "Plan Administrator of the Ralcorp Holdings, Inc. Severance Plan for Exempt Administrative Employees Eligible for the Ralcorp Holdings, Inc. Management Bonus Program," and the Employee Benefits Administration Committee of ConAgra Foods, Inc. Defendants oppose the motion on the grounds that (1) the motion did not comply with the Case Management Order because it was not accompanied by a proposed amended pleading, and (2) the motion seeks to add the "Plan Administrator" as a defendant, which is the title of a position and not a legal entity capable of being sued.

Plaintiff's failure to submit a proposed amended complaint would be fatal to his motion for joinder of defendants, as a plaintiff may bring in additional parties only by amending the complaint.

16

See 4 James Wm. Moore, et al., Moore's Federal Practice, § 20.02[2][a] (3d ed. 2014). Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "plaintiffs do not have an absolute or automatic right to amend." U.S. ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). To preserve the right to amend the complaint, a party must submit a proposed amendment along with its motion for leave to amend. Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 n.4 (8th Cir. 2013) (citing cases). Because plaintiff belatedly submitted a proposed amended complaint with his reply memorandum, defendants' first point of opposition is moot.

As to their second point, defendants state that ERISA requires an employee benefit plan to be "established and maintained pursuant to the written instrument" that "provide[s] for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan," 29 U.S.C. § 1102(a). Defendants state that in accordance with ERISA's requirements, the Plan lists Ralcorp Holdings, Inc. as Plan Administrator, so Ralcorp Holdings, Inc. would be a proper defendant to a breach of fiduciary claim. Defendants assert that the generic term "Plan Administrator," on the other hand, is not a "person" falling within ERISA's definition of fiduciary in 29 U.S.C. § 1002(21)(A), nor is it a named fiduciary in the Severance Plan. Defendants state that "Plan Administrator" is simply the title the Plan gives to Ralcorp Holdings, Inc. Defendants also assert that under Rule 17(b), Fed. R. Civ. P. and Missouri law, the generic "Plan Administrator" is not a legal entity capable of being sued.

Plaintiff replies that he moved to join the "Plan Administrator" as a defendant because the defendants contested his designation of ConAgra as the plan administrator in their partial motion to dismiss. Plaintiff states that because a plan can have more than one administrator, and a new administrator can be named at any time, his proposed amended complaint is an attempt to respond

to ConAgra's assertion that it is not the plan administrator by suing the individual(s) serving in the role of Plan Administrator, whoever they may be. Plaintiff asserts that it is an accepted practice in ERISA benefit claims to name the "Plan Administrator" of a plan as a defendant, citing McDaniel v. Chevron Corp., 203 F.3d 1099 (9th Cir. 2000), as an illustrative case. Plaintiff also notes that defendants do not object to his "highly similar request" for joinder of the Employee Benefits Administration Committee of ConAgra Foods, Inc., which is the fiduciary that ConAgra has substituted for the Plan-titled Benefits Administration Committee, and contends this shows the inconsistency and illogic of defendants' opposition.

Rule 15(a)(2), Fed. R. Civ. P., directs that courts "should freely give leave" to amend pleadings when justice so requires. "Absent a good reason for denial–such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment–leave to amend should be granted." Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992) (quoted case omitted). A proposed amendment is futile where a court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6). Cornelia I. Crowell GST Trust v. Possis Medical, Inc, 519 F.3d 778, 781-82 (8th Cir. 2008).

The Court will deny plaintiff's motion for leave to amend his complaint without prejudice. Based on the Court's rulings on defendants' partial motion to dismiss, plaintiff's proposed First Amended Complaint would be futile to the extent it attempts to assert claims for breach of fiduciary duty against the Severance Plan. Plaintiff may submit an amended complaint that omits any breach of fiduciary claims against the Severance Plan.

In addition, for the reasons stated by defendants, it is not proper to name the generic "Plan Administrator" as a defendant. For purposes of the partial motion to dismiss, the Court concluded

that ConAgra assumed the role of plan administrator when it acquired Ralcorp Holdings, Inc. In support of its motion, ConAgra asserted that Ralcorp Holdings, Inc. remained the plan administrator following the purchase. If he chooses to do so, plaintiff may submit an amended complaint that names both Ralcorp Holdings, Inc. and ConAgra as plan administrators.

Finally, the Court notes that although the Severance Plan was filed as an exhibit to the original complaint, plaintiff's proposed First Amended Complaint does not include any exhibits. An amended complaint completely replaces the original complaint, In re Wireless Telephone Federal Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005), so plaintiff should attach any desired exhibits to his proposed amended complaint.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss should be granted in part, denied in part, and denied in part as moot. The motion to dismiss will be denied as to defendant ConAgra on Counts I and II; denied as moot as to defendant Severance Plan on Count I; and granted as to defendant Severance Plan on Counts II and III. Defendants' motion for more definite statement on Count I will be denied, and their motion to strike plaintiff's jury demand will be granted. Plaintiff's motion for leave to file an amended complaint will be denied without prejudice. Plaintiff will be granted leave to file an amended complaint in accordance with this Memorandum and Order within ten (10) days of its date.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Partial Motion to Dismiss Plaintiff's Complaint is **GRANTED in part**, **DENIED in part**, and **DENIED in part as moot**, as follows: The motion is **GRANTED** as to defendant Severance Plan on Counts II and III; **DENIED** as to

19

defendant ConAgra on Counts I and II, and **DENIED as moot** as to defendant Severance Plan on Count I. [Doc. 8]

**IT IS FURTHER ORDERED** that defendants' motion for more definite statement on Count I is **DENIED**. [Doc. 8]

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's jury demand is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that plaintiff's motion for joinder of defendants, construed as a motion for leave to file an amended complaint, is **DENIED** without prejudice. Plaintiff is granted leave to file a proposed amended complaint in accordance with this Memorandum and Order within ten (10) days of its date. [Doc. 22]

An appropriate order of partial dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_\_10th\_\_\_\_ day of September, 2015.